IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                Plaintiff,

  v.

                                                     OPINION and ORDER

JUSTIN RIBOULT, JAMES MURPHY,
SHERYL KINYON, JAIME ADAMS,                          22-cv-206-jdp
JACOB CIRAN, TODD BRESSE,
and HOLLY GUNDERSON,

                Defendants.

---

Pro se plaintiff George Taylor, an inmate at Wisconsin Secure Program Facility, alleges that prison staff failed to adequately treat his foot pain and prevented him from wearing his medical shoes to religious services. I screened Taylor's complaint and allowed him to proceed on several claims under state and federal law. Dkt. 17. Taylor seeks a preliminary injunction ordering the prison to allow him to (1) wear his preferred shoes throughout the prison and (2) order new shoes from an outside vendor. Dkt. 2. Defendants have responded to Taylor's request for injunctive relief and the motion is ready for a decision. Taylor has not shown that he is entitled to the extraordinary remedy of preliminary injunctive relief, so I will deny his motion for injunction.

Taylor has also filed several motions asking to proceed on additional claims. Dkt. 18; Dkts. 35–36. Taylor's motions include new allegations that state claims for relief, so I will allow him to add those claims to the case.

ANALYSIS

A. Motion for injunction

Taylor contends that prison staff violated several of his constitutional and statutory rights by failing to provide him with medical shoes that adequately treat his pain and by preventing him from wearing his personal shoes to the prison's visitation room, where religious services are held. (At screening, I took Taylor to mean that his "personal shoes" were not the type of medical shoes that he would most prefer, but were more helpful for his pain than the prison's standard-issue footwear.) Taylor seeks two types of preliminary injunctive relief. First, Taylor seeks a medical exemption that would allow him to wear his personal shoes throughout the entire prison. Dkt. 2. Second, Taylor wants to be allowed to order shoes from an outside vendor in excess of the $75 spending limit, which he says would allow him to order shoes that adequately treat his pain. *Id.*

A preliminary injunction gives temporary relief to a party during a pending lawsuit. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). It is a far-reaching power that a court should use only when a case clearly demands it. *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984). Injunctions that require defendants to make an affirmative act, such as the one Taylor proposes, "are ordinarily cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

To get a preliminary injunction, Taylor must make a threshold showing of three things: that (1) he has a reasonable chance of success on his underlying claims; (2) he cannot get an adequate remedy without the injunction; and (3) he would suffer irreparable harm without the injunction. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012). If Taylor shows each of these things, I must then balance the harm that

denying the injunction would cause to Taylor against the harm that granting the injunction would cause to defendants. *Id*. If this balance weighs in Taylor's favor, I must then assess the requested relief under the requirements of the Prison Litigation Reform Act, which provides that injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Taylor's request that he be allowed to wear his personal shoes throughout the prison has been mooted by a declaration from Health Services Unit Manager Sheryl Kinyon, which provides that Taylor's medical restriction has been updated to clarify that his currently-prescribed "BioFit" medical shoes are permitted in all areas of the institution. Dkt. 23, ¶ 14; Dkt. 14-1, at 2. Kinyon says that the exemption will apply to any shoes that the prison may order for Taylor in the future. Dkt. 23, ¶ 25. Taylor doesn't dispute that he can now wear his medical shoes throughout the prison, *see* Dkt. 33, at 1, so there's no need to order the prison to grant him that relief.

The remaining issue is whether Taylor is entitled to an order allowing him to order new shoes from an outside vendor. He says that none of the shoes he possesses—including his Biofit medical shoes—relieve his foot pain. It appears that Taylor wants to order commercially-available athletic shoes, such as those made by Nike or New Balance, that are not available from one of the prison's three approved vendors. *See* Dkt. 23-1, at 1. Although Taylor seeks an order allowing him to purchase shoes in excess of the prison's $75 limit, the parties' submissions suggest that the cost isn't the issue; rather, it's whether Taylor can order shoes from an outside vendor at all. *See id.*

I will deny Taylor's request to order the prison to allow him to order shoes from an outside vendor because Taylor hasn't shown that he will suffer irreparable harm without that relief. Defendants' submissions show that they have taken—and continue to take—measures to obtain adequate shoes for Taylor. Soon after Taylor filed this lawsuit, defendants referred Taylor to an off-site podiatrist who recommended that Taylor obtain athletic shoes that are "classified as motion control." Dkt. 33-8, at 2. A motion control shoe would include a "firm heel counter" that would provide additional support for Taylor's heel. *Id.* The podiatrist noted that companies that produce those sorts of shoes include New Balance, Asics, Adidas, and Rockport. *Id.* Soon after the consultation, prison staff ordered Taylor a new pair of shoes that have a firm heel counter. Dkt. 22, at 5. Taylor says that the new shoes do not have a firm heel counter, are non-athletic, and do not provide sufficient support. Dkt. 39; Dkt. 34, ¶ 1. But defendants say that if Taylor does not like the new shoes, they will send him to NovaCare to have a pair of shoes custom fabricated to fit his needs. Dkt. 23, ¶ 22.[1] Taylor says that he has gone to NovaCare in the past for foot pain and shoes, but that "the treatment provided was ineffective." Dkt. 34, ¶ 3. Taylor doesn't say what specific treatments he received at NovaCare in the past. But he provides no evidence to suggest that new custom-fit shoes that align with the podiatrist's recommendations will fail to address his foot pain.

The Eighth Amendment does not allow prison officials to turn a blind eye to serious medical problems, but it does not entitle prisoners to "unqualified access to health care," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). There is no genuine dispute that defendants are

---

[1] The parties don't explain what NovaCare is. But it appears to be a company that provides rehabilitation services and fabricates custom prosthetics and orthotics. *See Services*, Novacare.com, *available at* https://www.novacare.com/services/.

taking steps to find shoes that help Taylor's pain. They are not ordering Taylor the shoes he would most prefer. But prisoners don't have a constitutional right to their preferred course of treatment. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A health care provider's care decision violates the constitution only if it is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate [the patient's] condition." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The defendants' decisions here are not blatantly inappropriate. Their submissions show that they are taking reasonable steps to obtain shoes that meet the requirements identified by the podiatrist. And although medical providers cannot persist in a course of treatment that they know is ineffective, *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020), the defendants have ordered Taylor several different types of shoes and say that they are willing to order him more. Nothing in the record suggests that an injunction is necessary to ensure that the prison address's Taylor's foot pain.

Because the parties' submissions show that there is no genuine dispute that prison officials are addressing Taylor's complaints, I can decide Taylor's motion without a hearing. A district court "need not conduct an evidentiary hearing unless one is called for as a result of a fact issue created by the response to a motion for a preliminary injunction." *Dexia Credit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010) (citations omitted). I will deny Taylor's request for a preliminary injunction.

## B. Requests to proceed on additional claims

Taylor has filed three motions related to the scope of the claims in this case: (1) a request to "modify the court's screening order" to allow him to proceed against additional defendants, Dkt. 18; (2) a request to proceed on medical malpractice claims against prison

5

medical staff, Dkt. 35; and (3) a request to add Sumo Medical Staffing, a medical contracting company, as a defendant, Dkt. 36.

1. **Motion to modify the screening order**

Taylor asks to modify the screening order on the grounds that I misunderstood or overlooked some of his allegations about specific aspects of his medical care. I will deny Taylor's request as unnecessary. I already granted Taylor leave to proceed on Eighth Amendment claims related to the treatment he received for his foot pain. Taylor identifies some allegations about specific actions taken by defendants that I omitted from the court's summary of his allegations. But the details Taylor identifies are encompassed within the claims I allowed him to proceed on. For example, I allowed Taylor to proceed on a claim against prison medical staff for failing to provide him with adequate shoes, so it was unnecessary to discuss every instance when health services prevented Taylor from ordering the shoes that a doctor had recommended. Taylor doesn't identify any allegations I omitted that state distinct Eighth Amendment claims, so there's no need to modify the screening order to add additional detail.

Taylor's motion also includes new allegations related to some of the claims I dismissed at screening. I didn't allow Taylor to proceed on Eighth Amendment claims against defendants Bresse and Ciran, the officers who told Taylor that he couldn't wear his medical shoes to Islamic studies class, because Taylor hadn't alleged that the officers caused him to suffer pain. And I didn't allow Taylor to proceed on claims against defendant CO Bird because Taylor hadn't alleged facts about what Bird had done to violate his rights. Taylor says that he is "now alleging" that Bresse, Ciran, and Bird forced him to remove his medical shoes to attend visits and doctors' appointments and that Taylor wore his painful standard-issue shoes instead. Dkt. 18, ¶¶ 6–7.

I will construe Taylor's motion as a request to amend his complaint to include these additional allegations, which I will grant. Leave to amend should be freely given when justice so requires. *See* Fed. R. Civ. P. 15. It is still early in the case, and Taylor's new allegations are closely related to the claims on which I have already granted him leave to proceed. In light of Taylor's new allegations, I will allow him to proceed on Eighth Amendment claims against Bresse, Ciran, and Bird. Interfering with a prisoner's medical care to cause them pain violates the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002). Taylor's new allegations, if proven, could show that Bresse, Ciran, and Bird interfered with Taylor's prescribed treatment and caused him pain. I will consider paragraphs 6 and 7 of Taylor's motion as a supplement to his complaint and I will order Bresse, Ciran, and Bird to answer those additional allegations.

2. **Motion to add medical malpractice claims**

Taylor asks to proceed with medical malpractice claims. Dkt. 35. I will deny the motion as unnecessary. I already allowed Taylor to proceed on medical negligence claims against prison medical staff, and the medical malpractice label is just another name for a medical negligence claim. *See Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865 (characterizing medical malpractice as a negligence claim).

3. **Motion to add Sumo Medical Staffing as a defendant**

Taylor asks to add as a defendant Sumo Medical Staffing, which employed Dr. Murphy as a contractor at Wisconsin Secure Program Facility. Dkt. 36. Claims based on a *respondeat superior* theory of liability are not allowed for constitutional claims under § 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). But because I am allowing Taylor to proceed on a state-law negligence claim against Murphy, I will allow Taylor to proceed on a

7

state-law negligence claim against Sumo Medical Staffing for acts that Murphy allegedly committed within the scope of employment. *See Shannon v. City of Milwaukee*, 94 Wis. 2d 364, 370, 289 N.W.2d 564, 568 (1980) (employers may be liable for the negligent actions of employee doctors). Taylor does not add new factual allegations about Murphy's care, so I will amend the caption to add defendant Sumo Medical Staffing. *Accord Yerks v. McArdle*, No. 19-cv-595-wmc, 2021 WL 372369 (W.D. Wis. Feb. 3, 2021) (adding medical employer to the caption).

In a previous order, the court directed the United States Marshal to serve Murphy. Dkt. 29. (Murphy since returned a waiver of service. Dkt. 32). But I note that Taylor is not proceeding in forma pauperis, so Taylor is responsible for serving Sumo Medical Staffing himself. *See* Fed. R. Civ. P. 4(c)(3). I will attach instructions on how to achieve service to this order.

ORDER

IT IS ORDERED that:

1. The operative complaint in this case, Dkt. 1; Dkt. 9, Dkt. 12; Dkt. 15, is amended to include Dkt. 18, ¶¶ 6–7.

2. Plaintiff George Taylor is GRANTED leave to proceed on Eighth Amendment claims for interference with his medical care against defendants Bresse, Ciran, and Co. Bird. The Department of Justice should inform the court whether they intend to accept service for defendant Bird.

3. Plaintiff's motion for a preliminary injunction, Dkt. 2, is DENIED.

4. Plaintiff's motion to modify the court's screening order, Dkt. 18, is DENIED.

5. Plaintiff's motion to proceed on medical malpractice claims, Dkt. 35, is DENIED.

6. Plaintiff's motion to add Sumo Medical Staffing as a defendant, Dkt. 36, is GRANTED. Plaintiff is GRANTED leave to proceed on a medical negligence claim

against Sumo. The clerk of court is directed to attach instructions on how to achieve service to this order.

Entered September 8, 2022.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge