IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                      Plaintiff,

  v.

JUSTIN RIBOULT, JAMES MURPHY,
SHERYL KINYON, JAIME ADAMS,
JACOB CIRAN, TODD BRESSE,
HOLLY GUNDERSON, CO. BIRD, and
SUMO MEDICAL STAFFING,

                      Defendants.

OPINION and ORDER

22-cv-206-jdp

---

Pro se plaintiff George Taylor, an inmate at Wisconsin Secure Program Facility, is proceeding on claims that prison staff have failed to adequately treat his foot pain. Two matters are before the court. First, Taylor asks me to reconsider my order denying his motion for a preliminary injunction. Dkt. 45. Second, Taylor seeks to add new claims and defendants to this case. Dkt. 47; Dkt. 62. I will deny Taylor's motion for reconsideration because he has not shown that defendants are ignoring his medical needs. I will allow Taylor to amend his complaint and grant him leave to proceed on additional claims.

ANALYSIS

A. Motion for reconsideration

Taylor filed a motion for preliminary injunction asking me to order the prison to allow him to purchase shoes from outside vendors, which he said would allow him to order shoes that would relieve his pain. *Id.* I concluded that Taylor would not suffer imminent harm without that relief because prison staff were taking reasonable steps to obtain adequate

footwear for him. The prison had ordered Taylor new shoes that aligned with his podiatrist's recommendations, and staff pledged that if those shoes did not relieve his pain, they would order him new custom-made shoes from an orthotics company. Dkt. 23, ¶ 22.[1]

In September 2022, Taylor filed a motion for reconsideration on the ground that the new shoes were ineffective and that it would be several months before he had an appointment for his custom-made shoes. Dkt. 45. In response, the prison provided a declaration from Sheryl Kinyon, the prison's acting health services manager, stating that Taylor was scheduled for an appointment with an orthotics manufacturer, Hangar Clinic, at the end of October. Dkt. 53, ¶ 11. Kinyon also stated that Taylor's gabapentin prescription was increased to help with additional pain. *Id.*, ¶ 12.

On November 25, Taylor filed a supplemental declaration stating that he had not yet been seen at Hangar. Dkt. 63. On December 2, Taylor filed another declaration stating that he finally visited Hangar on November 29, where staff took casts of his feet. But he says that none of the shoes at the clinic had "the combined specifications recommended by the podiatrist." Dkt. 64, ¶ 2. Specifically, all of the shoes they offered were "either casual or dress shoes, none were athletic." *Id.*, ¶ 3. Taylor also states that the new custom-fabricated shoes would not be available until five to six weeks after New Year's. *Id.*, ¶ 2.

I will deny Taylor's motion for reconsideration. As I explained in my previous order, the Eighth Amendment does not entitle inmates to demand specific care. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *see also Knox v. Shearing*, 637 F. App'x 226, 229 (7th Cir.

---

[1] Taylor filed a motion for sanctions against Kinyon, alleging that Kinyon lied about Taylor having been scheduled for an appointment with an orthotics company. Dkt. 57. Taylor misconstrues Kinyon's statement: she says that they *would* schedule Taylor for a fitting if his new shoes did not help his pain. Dkt. 23, ¶ 22. I will deny the sanctions motion.

2016) (district court did not abuse discretion by denying motion for a preliminary injunction seeking specific treatment). The parties' submissions show that the prison is continuing to take reasonable steps to address Taylor's foot pain. The prison provided Taylor new medical shoes and, after those shoes proved ineffective, Taylor was fitted for custom-made shoes. The custom shoes are not athletic shoes, which Taylor would prefer. But Taylor provides no evidence that the custom shoes will be ineffective unless they are athletic-style shoes. And although Taylor will not receive the new shoes for several weeks, "delays are common in the prison setting." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016). Nothing suggests that the delay in receiving the shoes is the result of the prison's indifference to Taylor's pain, as opposed to the time needed to fabricate custom footwear. And prison staff have shown that they are willing to adjust Taylor's prescriptions to address his pain in the meantime.

"The Eighth Amendment prohibits prison officials from turning a blind eye to serious medical problems; it does not guarantee a cure." *Stechauner v. Murphy*, No. 17-cv-221-jdp, 2018 WL 1785497, at *2 (W.D. Wis. Apr. 13, 2018). Taylor has not shown that the prison is ignoring his needs, so he is not entitled to an injunction. If Taylor believes that the prison is no longer taking reasonable measures to address his foot problems, he may seek injunctive relief on that ground. But any further motions to order the prison to allow him to order his preferred shoes will be summarily denied.

**B. Motions to amend**

Taylor seeks to amend his complaint to add ten new defendants to the case, as well as new claims against some existing defendants. Dkt. 45; Dkt. 62. The court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is still relatively early in the case, and most of Taylor's allegations concern events that took place after he filed his

complaint. So I will allow Taylor to amend his complaint. But I note that because of Taylor's previous amendments, the operative pleading in this case already comprises five separate documents, which will make it difficult for the new defendants to respond to his allegations. *See* Dkt. 1; Dkt. 9; Dkt. 12; Dkt. 15; Dkt 18, ¶¶ 6–7. And as the case progresses, each new amendment poses an increased risk of prejudice to defendants. So going forward, I will require Taylor to show good cause for any further amendments to his complaint.

In any event, I must now screen Taylor's new claims, just as I screened his original claims, pursuant to 28 U.S.C. § 1915A. For the reasons that follow, I will allow Taylor to proceed on several new claims.

1. **Motion for leave to add new defendants and claims, Dkt. 47**

    a. **First Amendment claim against Kinyon**

Taylor alleges that defendant Kinyon told Taylor on two different occasions that he would be disciplined if he did not stop harassing health care staff about his feet. Dkt. 47, ¶¶ 7–8. The First Amendment prohibits threats of punishment designed to discourage future protected speech. *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011). Although Taylor styles this claim as a retaliation claim, it is better understood as a "chilling" claim. To state a claim, Taylor must show that the alleged conduct by the defendant would likely deter a person of ordinary firmness from continuing to engage in protected activity and that his protected conduct was a motivating cause of the defendant's threat of punishment. *Id.*; *see Beatty v. Henshaw*, 826 F. App'x 561, 563–64 (7th Cir. 2020) (applying the rule for a chilling claim in the prison context.).

At this stage in the case, it is reasonable to infer that Taylor's complaints to health staff were protected speech and that the threat of discipline would discourage someone in Taylor's

position from exercising their rights. So I will allow Taylor to proceed on a First Amendment claim against Kinyon.

### b. Medical care claims

Taylor alleges that defendants Kinyon and Gunderson, as well as new defendants Gina Buono, Dr. Lavoi, Officer Zaccard, a John Doe, and a Jane Doe, "refused to follow the podiatrist['s] order allowing plaintiff to wear athletic, motion control, firm heel counter shoes" and "forced him to continue to wear [medical] shoes known to be ineffective." Dkt. 47, ¶ 9. Taylor also alleges that Buono, Gunderson, Zaccard, and Lavoie ordered a bunionectomy and treatment at NovaCare for Taylor without "assessing" him.

I am already allowing Taylor to proceed on Eighth Amendment claims against Kinyon and Gunderson for failing to adequately treat Taylor's foot pain. In assessing those claims, I must examine the totality of the care that those defendants provided to Taylor. *See Petties v. Carter*, 836 F.3d 722, 728–29 (7th Cir. 2016). Because Taylor's new allegations about Kinyon and Gunderson are about an aspect of their treatment for his foot pain, they fit within his existing claims against them.

As for the allegations against Buono, Lavoi, Zaccard and the Doe defendants, Taylor's allegation that they ordered a bunionectomy without assessing him doesn't show that they ignored his medical needs. Taylor doesn't allege that he was harmed by the order, and ordering a care decision without an in-person assessment, without more, is not a constitutional violation. Taylor's other allegation that defendants "forced him to continue to wear [medical] shoes known to be ineffective" is too vague to state a claim. Taylor doesn't explain the specific actions each of these defendants took to make him wear the allegedly ineffective shoes. So I will not

5

allow Taylor to proceed on claims against Buono, Lavoi, Zaccard, or the unidentified defendants.

### 2. Motion for leave to add new defendants, Dkt. 62

#### a. Sonja Anderson

Taylor alleges that in August 2022, he told Nurse Sonja Anderson that he was experiencing chest pains and loss of breath, but she refused to check Taylor's vitals because of Taylor's lawsuits against her coworkers. I will not allow Taylor to add Anderson as a defendant in this case because these allegations are not related to his foot pain. Federal Rule of Civil Procedure 20 prohibits plaintiffs from bringing unrelated claims against different defendants in the same lawsuit. A plaintiff may name multiple defendants in the same suit only if all of his claims (1) arise out of the same transaction or occurrence; and (2) include a question of law or fact that will apply to all of the defendants. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

All of Taylor's other claims are about how the prison managed Taylor's foot pain, and Taylor's allegations about Anderson's refusal to check his vitals aren't related to that issue. The lawsuits that Anderson referred to are about Taylor's feet. But Taylor doesn't allege that Anderson provided him care for his feet, so his claim against her isn't related to the substance of his claims in this case. So I will not allow Taylor to proceed on a claim against Anderson in this lawsuit.

#### b. Eighth Amendment claims against Officer James Finnell, Officer Sanders, Sgt. Dickens, and Lt. Kolbo

Taylor alleges that Finnell, Sanders, Dickens, and Kolbo told Taylor that he could not wear his personal shoes to the visitation room, even though Taylor had received a doctor's

order allowing him to do so. Taylor told them about his exemption but they said that they didn't care.

Taylor made similar allegations against other correctional officers in his original complaint. I concluded Taylor hadn't stated a claim under the Eighth Amendment because he hadn't alleged that the officers' actions caused him to remove his shoes. *See* Dkt. 17, at 5. But Taylor later provided additional allegations that he decided to wear his standard-issue prison shoes to the visitation room, which caused him pain. Dkt. 18. It is reasonable to infer that Taylor made a similar decision under these circumstances, so I will allow Taylor to proceed on Eighth Amendment claims against Finnell, Sanders, Dickens, and Kolbo.

### c. First Amendment claim against Finnell

Taylor alleges that when he asked Finnell why he wasn't allowed to wear his shoes, Finnell stated that it was because Taylor continued to file lawsuits against prison staff. To state a claim for retaliation under the First Amendment, a plaintiff must identify (1) the protected activity in which he was engaged; (2) a retaliatory action taken by the defendant that would deter a person of ordinary firmness from engaging in the protected activity; and (3) sufficient facts to make it plausible to infer that the protected activity was one of the reasons the defendant took action against the plaintiff. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009).

I will allow Taylor to proceed on a First Amendment retaliation claim against Finnell. At this stage of the proceedings, it is reasonable to infer that Taylor's lawsuits about his medical care are protected activity under the First Amendment. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (holding that grievances can be protected speech). And it is reasonable

to infer that preventing Taylor from wearing medical shoes would deter someone in Taylor's position from filing further lawsuits.

ORDER

IT IS ORDERED that:

1. Taylor's motion for reconsideration, Dkt. 45, is DENIED.

2. Taylor's motions to amend his complaint, Dkt. 47; Dkt. 62, are GRANTED. The operative complaint in this case, Dkt. 1; Dkt. 9; Dkt. 12; Dkt. 15; Dkt 18, ¶¶ 6–7, is amended to include Dkt. 47 and Dkt. 62.

3. Taylor is now proceeding on the following claims in this lawsuit:

    - Eighth Amendment medical care claims against defendants Gunderson, Adams, Kinyon, Murphy, and Riboult.

    - An Eighth Amendment medical care claim against defendant Adams in his official capacity.

    - Eighth Amendment claims for interference with his medical care against defendants Bresse, Ciran, Bird, Finnell, Sanders, Dickens, and Kolbo.

    - RLUIPA claims against defendants Ciran and Bresse in their individual capacities.

    - A RLUIPA claim against defendant Ciran in his official capacity.

    - First Amendment free exercise claims against defendants Ciran and Bresse in their individual capacities.

    - A First Amendment free exercise claim against defendant Ciran in his official capacity.

    - First Amendment retaliation claims against defendants Bresse and Finnell.

    - A First Amendment chilling claim against defendant Kinyon.

    - Negligence claims against defendants Gunderson, Adams, Kinyon, Murphy, Riboult, and Sumo Medical Staffing.

4. The department of justice should inform the court whether they intend to accept service for Finnell, Sanders, Dickens, and Kolbo.

5. Taylor's motion for sanctions, Dkt. 57, is DENIED.

Entered December 13, 2022.

                                              BY THE COURT:

                                              /s/

                                              _____

                                              JAMES D. PETERSON
                                              District Judge