IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                    Plaintiff,

  v.

JUSTIN RIBAULT, JAMES MURPHY,
SHERYL KINYON, JAIME ADAMS,               OPINION and ORDER
JACOB CIRAN, TODD BRESSE,
HOLLY GUNDERSON, CO. BIRD,                  22-cv-206-jdp
SUMO MEDICAL STAFFING, JAMES FINNELL,
OFFICER SANDERS, SGT. DICKENS,
and LT. KOLBO,

                    Defendants.

---

Pro se plaintiff George Taylor, an inmate at Wisconsin Secure Program Facility, is proceeding on claims that prison staff have failed to adequately treat his foot pain. Several matters are before the court, which can (for the most part) be grouped into three main categories. First, Taylor has filed a second motion for reconsideration of my order denying his motion for a preliminary injunction. Dkt. 69. Second, Taylor seeks to add new claims and defendants to this case. Third, defendants move for partial summary judgment on exhaustion grounds. Dkt. 80. For the reasons that follow, I will deny Taylor's motion for reconsideration and deny Taylor's motions to supplement his complaint. As for defendants' partial summary judgment motion, whether Taylor exhausted his administrative remedies is genuinely disputed, so I will set a hearing to resolve the disputes. Taylor has filed other motions seeking various forms of relief that I will also address in this order.

ANALYSIS

A. Motion for reconsideration

Taylor moved for a preliminary injunction ordering the prison to allow him to purchase shoes from outside vendors, which he said would allow him to order shoes that would relieve his pain. Dkt. 13. I concluded that Taylor would not suffer imminent harm without that relief because prison staff were taking reasonable steps to obtain adequate footwear for him. Dkt. 43. Taylor asked me to reconsider that decision. I denied the reconsideration motion and told Taylor any further motions to order the prison to allow him to order his preferred shoes would be summarily denied. Dkt. 68.

Taylor has filed a second motion for reconsideration, this time on the ground that the new custom-fabricated shoes he received are ineffective and that defendants refuse to order him a new set of shoes. Dkt 69. Taylor has filed a series of supplemental declarations explaining why the custom shoes are inadequate. Dkt. 79; Dkts. 108–09; Dkt. 114; Dkt. 120.

I will deny the motion. As I have told Taylor several times before, prisoners do not have a constitutional right to their preferred course of treatment. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Prison staff are required to take reasonable measures to address Taylor's foot pain, so I will direct defendants to provide an update about the steps they are taking to address that issue. But even if staff were ignoring Taylor's medical needs, I would not grant Taylor the injunctive relief he seeks, which is the ability to purchase shoes of his choosing. That relief would not be "narrowly drawn [to] extend no further than necessary to correct the harm." *See* 18 U.S.C. § 3626(a)(2).

**B. Motions to add new claims and defendants**

Taylor has filed six motions to supplement his complaint to either add new defendants to the case or add new claims against existing defendants. Because of Taylor's previous amendments, the operative pleading in this case already comprises seven separate documents. *See* Dkt. 1; Dkt. 9; Dkt. 12; Dkt. 15; Dkt 18, ¶¶ 6–7; Dkt. 47; Dkt. 62. In a previous order, I noted that Taylor's amendments made it difficult for new defendants to respond to his allegations and that as the case progresses, each new amendment poses an increased risk of prejudice to defendants. Dkt. 68, at 4. Accordingly, I told Taylor that I would require him to show good cause for any further amendments to his complaint. *Id.*

Taylor now seeks to add the following claims to his complaint:

- An Eighth Amendment claim against Dr. Shirley Godiwalla for refusing to treat Taylor's foot pain in July 2022. Dkt. 74.

- Eighth Amendment claims against Capt. Collins, Hidi Brown, and Nurse Courtney Keith for making Taylor wear uncomfortable shoes in December 2022. Dkt. 86.

- An Eighth Amendment claim against existing defendant Ribault for altering another doctor's order allowing Taylor to wear his personal shoes throughout the prison in January 2022. Dkt. 92.

- A First Amendment retaliation claim against Officer Frederick for denying Taylor access to his legal mail. Dkt. 92.

- A First Amendment retaliation claim against Hidi Brown for preventing Taylor from receiving legal assistance from another inmate. Dkt. 99.

- A First Amendment retaliation claim against Ribault for refusing to treat Taylor's foot pain in January 2023. Dkt. 100.

- Eighth Amendment claims against Dr. Gina Buono and existing defendants Ribault, Kinyon, and Gunderson for refusing to treat Taylor in January 2023. Dkt. 100.

- Eighth Amendment medical care claims and First Amendment retaliation claims against HSM Brown, HSM Parr, HSM Lee Gunner, and existing defendants

>Ciran and Kinyon for making Taylor return his medical shoes in February 2023. Dkt. 102.

I will deny Taylor's motions. Taylor contends that he has good cause to supplement his complaint because his supplements are about events that happened after he filed his lawsuit. Under Federal Rule of Civil Procedure 15(d), the court "may, on just terms, permit a party to serve a supplemental pleading setting out [a] transaction, occurrence, or event that happened" after filing. "[T]here is no absolute right to expand the case" by supplementing the complaint under Rule 15(d), and district courts have substantial discretion whether to grant leave to supplement. *Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011).

At this point in the case, it would not be just to allow Taylor to add six new supplements to his complaint. Taylor's piecemeal method of amending his complaint runs the risk of creating confusion for defendants and for the court. A thirteen-document operative pleading is not workable. More important, Taylor cannot be allowed to turn the complaint into a moving target. Taylor's proposed claims against new defendants about how they treated his foot pain in Winter 2022 and Spring 2023 are not meaningfully related to the claims that form the basis of the lawsuit, which occurred between November 2021 and April 2022. *See* Dkt. 1 (initial complaint).

One of Taylor's motions does concern events prior to filing: specifically, he alleges that Dr. Ribault amended another doctor's order to prevent Taylor from wearing his preferred shoes in January 2022. Taylor states that he only learned through discovery that Ribault was involved in that decision. But even if I allowed Taylor to amend his complaint to include that allegation, his allegations do not state additional claims against Ribault. Ribault's decision to amend

4

another doctor's order, without more, does not show that he consciously disregarded Taylor's medical needs.

We are at the point where defendants are entitled to know what the scope of the case is. If Taylor wishes to bring additional claims against defendants based on events that took place after his last amendment of his complaint, he must file a new lawsuit.

**C. Motion for partial summary judgment**

Defendants move for summary judgment on two of Taylor's claims on the ground that Taylor failed to exhaust them: (1) a claim against Ribault for refusing Taylor treatment during an appointment; and (2) a First Amendment chilling claim against defendant Sheryl Kinyon for telling Taylor that he would be disciplined if he did not stop complaining about his feet. Dkt. 80.

The PLRA requires inmates to exhaust their administrative remedies prior to filing a lawsuit based on federal law. 42 U.S.C. § 1997e(a). Generally, to comply with § 1997e(a), a prisoner must properly take each step within the administrative process, which includes following instructions for filing the initial grievance, as well as filing all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Defendants bear the burden of establishing that Taylor failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Defendants provided a declaration from Emily Davidson, a complaint examiner at the Wisconsin Department of Corrections, stating that the department's inmate complaint tracking system has no record of any complaints filed by Taylor about Ribault refusing to treat Taylor or Kinyon threatening to discipline Taylor for complaining. *See* Dkt. 83. Taylor provides his own declaration stating that he did file grievances about those specific issues; that the

grievances were dismissed; and that he timely appealed them. Dkt. 95. Taylor didn't provide any other evidence in his response to defendants' motion. But after defendants filed their reply brief, he submitted copies of the grievances he allegedly filed, stating that he discovered them when he was going through his paperwork. *See* Dkt. 119. The copies are not stamped as received.

Defendants contend that Taylor's declaration does not create a genuine dispute because his statements are not credible, stating that "it is not possible for an inmate complaint to be fully processed as Mr. Taylor describes with no record of the complaint" in the inmate complaint system. Dkt. 98, ¶ 11. I am skeptical that Taylor was able to fully appeal his grievances without leaving a paper trail. But "live testimony is the proper vehicle for resolving credibility disputes on exhaustion." *Winston v. Clarke*, 746 F. App'x 561, 563 (7th Cir. 2018). Although Taylor's declaration conflicts with defendants' evidence, I cannot disregard Taylor's declaration without holding a hearing. *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("Roberts may have been lying about having filed a grievance—but alternatively the defendants may have been lying when they denied there was any record of such a grievance.").

Taylor's declaration alone is sufficient to create a dispute of fact about whether Taylor exhausted his administrative remedies, so I must hold an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). "Declarations, even somewhat vague and self-serving ones, are evidence." *Apkarian v. McAllister*, No. 17-cv-309-jdp, 2018 U.S. Dist. LEXIS 209394, at *4 (W.D. Wis. Dec. 12, 2018); *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). I will direct the clerk of court to set a *Pavey* hearing and to issue a writ of habeas corpus ad testificandum for Taylor's appearance. Taylor should bring any evidence he has that supports his version of events. He should also consider whether there are any witnesses who

can corroborate his version of events. He should refer to the court's preliminary pretrial conference order, Dkt. 66, for guidance on how to call witnesses to appear at the hearing.

**D. Taylor's other motions**

### 1. Other motions for preliminary injunctive relief

Taylor filed a motion for a preliminary injunction ordering the prison to give him his withheld mail. Dkt. 101. Taylor moved to voluntarily withdraw the motion after defendants responded, Dkt. 112, so I will deny the motion as moot.

Taylor also seeks an injunction ordering Ribault to put Taylor back on a low sodium diet, stating that Ribault took him off the diet as retaliation for filing the lawsuit. *Id.* I will deny the motion because Taylor is not proceeding on any retaliation claims against Ribault. Taylor's request for an injunction must be tied to the specific claims he is proceeding on in this lawsuit. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.") Taylor's claims against Ribault are about how Ribault treated Taylor's foot pain, and none of Taylor's proposed supplements to his complaint alleged that Ribault took Taylor off his low sodium diet. Ribault's decision to take Taylor off his low-sodium diet isn't related to the substance of the claims in the case, so he is not entitled to an injunction about that issue.

### 2. Motion to compel discovery

Taylor moves to compel defendants to produce emails from defendants' DOC email accounts. Dkt. 113. Defendants produced some emails in response to Taylor's request for production, but they stated in their response that there were other responsive emails that they would produce after they resolved an unexpected technical issue. Dkt. 113-1, at 1–2. Taylor

7

filed his motion to compel three days after he received this response. But he contends that an order is appropriate because defendants "don't give a specified time" of when the emails would be produced.

I will deny Taylor's motion because he does not certify that he conferred or attempted to confer with defendants prior to filing his motion, as required by Federal Rule of Civil Procedure 37(a)(1). If Taylor is dissatisfied with the pace of defendants' production, he must try to work through that issue with defendants before seeking relief with the court.

ORDER

IT IS ORDERED that:

1. Plaintiff George Taylor's motion for reconsideration, Dkt. 69, is DENIED.

2. The prison defendants may have until July 7, 2023 to provide an update on the care Taylor is receiving for his foot pain.

3. Taylor's motions to supplement his complaint, Dkt. 74; Dkt. 86; Dkt. 92; Dkt. 99; Dkt. 100; Dkt. 102 are DENIED.

4. The court withholds a ruling on defendants' motion for partial summary judgment, Dkt. 80. The clerk of court is directed to set a hearing to resolve the factual dispute over Taylor's exhaustion of his administrative remedies.

5. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for plaintiff's appearance at that hearing.

6. Taylor's motions for preliminary injunction, Dkt. 101; Dkt. 112 are DENIED.

7. Taylor's motion to compel, Dkt. 113, is DENIED.

Entered June 22, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge