IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                        Plaintiff,

    v.

JUSTIN RIBAULT, JAMES MURPHY,                    OPINION and ORDER
SHERYL KINYON, JAIME ADAMS,
JACOB CIRAN, TODD BRESSE,                              22-cv-206-jdp
HOLLY GUNDERSON, CO. BIRD,
SUMO MEDICAL STAFFING, JAMES FINNELL,
OFFICER SANDERS, SGT. DICKENS,
and LT. KOLBO,

                        Defendants.

---

Pro se plaintiff George Taylor, an inmate at Wisconsin Secure Program Facility, is proceeding on claims that prison staff have failed to adequately treat his foot pain. The court held an evidentiary hearing on defendants' motion for partial summary judgment for failure to exhaust. Dkt. 80. I will grant the motion for the reasons stated at the hearing. Taylor's Eighth Amendment claim against defendant Justin Ribault and Taylor's First Amendment claim against Sheryl Kinyon will be dismissed.

Taylor has several other motions before the court that I will address in this order: (1) a motion to proceed in forma pauperis, Dkt. 131; (2) motions to supplement his complaint, Dkt. 116, Dkt. 118; (3) a request to reconsider my decision denying a prior motion to supplement the complaint, Dkt. 124; and (4) a third motion for reconsideration of my order denying his motion for a preliminary injunction, *Id.* For the reasons that follow, I will deny Taylor's pending motions.

ANALYSIS

A. Motion to proceed in forma pauperis

Taylor seeks leave to proceed in forma pauperis. Dkt. 131. Taylor paid the full filing fee in this case. But he states that that he now wishes to proceed in forma pauperis because he cannot afford to subpoena witnesses for the evidentiary hearing. But parties proceeding in forma pauperis must still pay witness fees for any witnesses they subpoena. *See* Dkt. 66 (preliminary pretrial packet). In any event, the motion is unnecessary following the hearing. I will deny the motion.

B. Motions to supplement

In a previous order, I denied six of Taylor's motions to supplement his complaint. Dkt. 121. In deciding that motion, I overlooked two motions requesting to add "supplemental statements of fact[s]" that are actually motions to amend the complaint. Dkt. 116; Dkt. 118. I will address those motions here.

Taylor seeks to add a new claim against defendant Dr. James Ribault and to add a claim against a new defendant, Lee Gunner, stating that they did not help him after he complained about the new, custom-fabricated shoes that the prison commissioned from an orthotics company. I will deny Taylor's motions to supplement his complaint for the same reasons I denied his other proposed supplements. Courts have substantial discretion whether to grant leave to supplement the complaint. *Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011). Taylor's piecemeal supplements run the risk of prejudicing defendants, and we are at the point in the case where defendants are entitled to know what the scope of the case is. *See* Dkt. 121, at 4–5. If Taylor wishes to bring additional claims based on events that took place after his last amendment of his complaint, he must file a new lawsuit.

### C. Motion to reconsider denial of leave to amend

Taylor asks me to reconsider my decision denying him leave to proceed on a different claim against Ribault. Dkt. 124. Taylor alleged that Ribault amended another doctor's order to prevent Taylor from wearing his preferred shoes in certain areas of the prison in January 2022. Dkt. 92. I told Taylor that even if I allowed him to supplement his complaint to add those allegations, the new allegations did not state a claim against Ribault because a decision to change another doctor's order, without more, did not show that he consciously disregarded Taylor's medical needs. Taylor now states that Ribault altered the order at the request of the health services manager, so the decision could not have been the result of Ribault's medical judgment.

I will deny the motion for reconsideration, for two reasons. First, I will not accept Taylor's supplement. As I explained in the previous order, allowing Taylor to continue to add supplements to the complaint—which already comprises seven separate documents, *see* Dkt. 121, at 3—will create confusion for defendants and for the court.

Second, Taylor's new allegations do not state a claim against Ribault. It is immaterial that Ribault changed the order in response to a request from the health services manager. I am not required to take Taylor's conclusory allegation that the decision was not the result of Ribault's medical judgment as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Taylor does not allege any facts to suggest that Ribault ignored Taylor's medical needs or that the decision was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate [Taylor's] condition." *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011). So I will not allow Taylor to proceed on an additional claim against Ribault.

**D. Third motion to reconsider denial of preliminary injunction**

Taylor has filed a third motion for reconsideration of my order denying his motion for a preliminary injunction. Dkt. 124. Taylor repeats his request that I order the prison to allow Taylor to buy the athletic-style shoes that were recommended by a podiatrist in 2022. Taylor was recently transferred to a new prison, which usually moots any pending requests for injunctive relief. *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009). But Taylor states that Ribault is also the primary care provider at his new institution, Dkt. 142, and that Ribault still has final say over whether Taylor can order his preferred shoes. So it is likely that Taylor will still be unable to order his preferred shoes at the new prison.

Because it appears that Taylor's request is not moot, I will deny his motion for reconsideration on the merits. The podiatrist's recommendation does not entitle Taylor to athletic shoes. The podiatrist stated that Taylor would benefit from "athletic shoes that are classified as motion control," with a firm heel counter. Dkt. 33-8, at 2. But the podiatrist expressly states that "this is a recommendation" and that it "it will be up to the DOC . . . to allow for access to this type of athletic shoe gear." *Id.* The podiatrist did not say that these types of shoes were necessary or that they were the only type of shoe that will help his pain. More important, the prison purchased shoes for Taylor that met the *functional* requirements of the podiatrist's recommendation. They purchased him shoes with a firm heel counter, which Taylor wore for only a few moments before he decided they were inadequate. Dkt. 53, ¶ 8. In response, the prison sent Taylor to an orthopedics company to have custom shoes fabricated to meet his needs.

Taylor says that he has now given his custom-made shoes a fair trial run and that they still hurt his feet. In response to Taylor's complaints, the prison brought Taylor back to the

orthopedics company to make adjustments. At that appointment, Taylor stated that the shoes they offered were unacceptable because they were not off-the-shelf athletic shoes. Dkt. 129, ¶ 23. Taylor now states that the prison is no longer providing him care for his feet because in response to another complaint about his shoes and orthotics, his doctor stated that "[Taylor's] chronic subjective complaint has been addressed and medically further changes are not indicated." Dkt. 130, at 2. But that does not show that the prison is consciously disregarding his medical needs. Taylor continues to receive gabapentin for his pain. Dkt. 129, ¶ 34. As for his footwear, prison staff have repeatedly tried to accommodate his complaints. The record overwhelmingly suggests that Taylor is not cooperating with their efforts and will not accept anything less than athletic shoes.

A preliminary injunction is an extraordinary form of relief. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). Taylor has not shown that he is entitled to that relief. Taylor has not provided any evidence that the athletic shoes he seeks would be more effective at addressing his foot pain than the custom-fabricated shoes that the prison purchased for him. And he has not demonstrated that he will succeed on the merits of his underlying claim because the evidence shows that the prison has made significant efforts to obtain adequate footwear.

Taylor has had several chances to show that a preliminary injunction is appropriate, but he has failed to do so. Further motions asking for a preliminary injunction will be summarily denied. Taylor's request for a permanent injunction will be resolved at summary judgment or trial.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment on exhaustion grounds, Dkt. 80, is GRANTED. Taylor's Eighth Amendment claim against defendant Justrin Ribault and Taylor's First Amendment claim against defendant Sheryl Kinyon are DISMISSED without prejudice.

2. Plaintiff George Taylor's motion for reconsideration, Dkt. 124, is DENIED.

3. Taylor's motions to supplement his complaint, Dkt. 116; Dkt. 118, are DENIED.

4. Taylor's motion to proceed in forma pauperis, Dkt. 131, is DENIED.

Entered August 4, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge