IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                    Plaintiff,

      v.                                          ORDER

DR. JAMES MURPHY, SHERYL KINYON, JAIME         22-cv-206-jdp
ADAMS, HOLLY GUNDERSON, and JARED HOY,

                    Defendants.

---

Plaintiff George Taylor, proceeding without counsel, moves for reconsideration of my order granting summary judgment to Dr. Ribault on Taylor's medical negligence claim. Dkt. 207. I will deny this motion.

I begin with some background relevant to Taylor's motion. Taylor alleged that he has foot problems and that prison medical staff have provided him with inadequate shoes, which has caused him serious pain. Taylor brought several claims, including Eighth Amendment medical care and Wisconsin-law medical negligence claims. Defendants filed a motion for summary judgment, which I granted in part and denied in part. Dkt. 202. As relevant here, I granted the motion on Taylor's medical negligence claim against Dr. Ribault. *Id.* at 24–25. I determined that Taylor needed expert testimony to prove that Dr. Ribault violated the standard of care because laypersons wouldn't know what medical treatment was necessary based on Taylor's problems. *Id.* at 25. But Taylor's proffered experts, Dr. Ribault and other treating physicians, didn't submit expert reports or declarations containing any opinion establishing the standard of care. *Id.*

I turn to Taylor's argument for reconsideration. Taylor contends that my decision to grant summary judgment to Dr. Ribault on the basis that Taylor didn't submit any expert

testimony establishing the standard of care was erroneous. Dkt. 207 at 1. Taylor contends that his treating physicians, Dr. Ribault and defendant Dr. Murphy, could establish the standard of care through their trial testimony. *Id.* (citing *Cooper v. Guider*, No. 19-cv-159-jdp, 2020 WL 7642521, at *3 (W.D. Wis. Dec. 23, 2020) (relying on *Gil v. Reed*, 381 F.3d 649 (7th Cir. 2004))). But *Cooper* and *Gil* didn't establish that proposition. Those cases propose that courts shouldn't dismiss a medical care claim on summary judgment based on a plaintiff's failure to submit expert medical testimony establishing the standard of care if there is *evidence* that a treating physician could establish through trial testimony that the defendant's treatment violated the standard of care. *See Gil*, 381 F.3d at 660; *Cooper*, 2020 WL 7642521, at *3.

*Gil* illustrates the point. The plaintiff named the defendant doctors, his treating physicians, as expert witnesses, but didn't submit any expert opinion establishing the standard of care. 381 F.3d at 654, 660. The district court dismissed the plaintiff's medical negligence claim, concluding that he didn't establish the standard of care because he listed only the defendant doctors as experts. *Id.* at 654. The court of appeals disagreed, holding that the plaintiff could rely on his treating physicians to establish the standard of care, even if they were defendants. *Id.* at 660. Furthermore, the court of appeals determined that evidence that the defendant doctors had ignored a surgeon's postoperative instructions and prescribed the plaintiff a medication that could cause serious side effects created a genuine factual dispute about whether the defendants met the standard of care. *See id.* at 653, 660.

Here, Taylor has identified no evidence that Dr. Ribault violated the standard of care. Dr. Ribault provided Taylor with a variety of treatment, and there's no evidence that he based his treatment decision on a non-medical motive. *See* Dkt. 202 at 25. The mere fact that Dr. Ribault denied Taylor the ability to order shoes from an outside vendor isn't enough to

infer that his treatment violated the standard of care. *See id.*; *cf. Francois v. Mokrohisky*, 67 Wis. 2d 196, 201 (1975) (in medical negligence cases, the question is not whether the medical professional made a mistake, but rather, whether his conduct met the standard of care).

Taylor tries to supply the missing evidence in his motion. For the first time, Taylor says that Dr. Ribault wouldn't let him order shoes from an outside vendor for personal reasons, not medical ones. Dkt. 207 at 1–2. I will not treat the motion as a declaration because, contrary to his contention, Taylor didn't sign it under penalty of perjury. Furthermore, Taylor's explanation for his delay in bringing this alleged statement to the court's attention is inadequate. Taylor's purported new evidence isn't enough to infer that Dr. Ribault based his treatment decisions on a non-medical motive. I will not reconsider my order granting summary judgment to Dr. Ribault on the medical negligence claim.

Taylor seeks court assistance in recruiting counsel, but seemingly only if I allow him to proceed against Dr. Ribault. *Id.* at 2. Because I denied the motion for reconsideration, this request is moot. If Taylor seeks court assistance in recruiting counsel to obtain an expert witness for trial, I will deny that request. Taylor has already designated his expert witnesses, and my opinion indicates that he may not need expert testimony to prevail at trial.

ORDER

IT IS ORDERED that:

1.  Plaintiff George Taylor's motion for reconsideration, Dkt. 207, is DENIED.

2. The clerk is directed to send plaintiff a copy of this order.

Entered June 6, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge